**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **BONNIE KIRK, ET AL.** | **CASE NO. 3:17-CV-01466** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SCHOOL BOARD CITY OF MONROE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, [doc. # 40], filed by defendants Monroe City School Board, Brent Vidrine, Roosevelt Rankins, Whitney Martin (incorrectly sued initially as "Whitney Morton"); and W. R. Berkley Corp (initially sued as XYZ Insurance Company). The compound motion is partially opposed. For reasons set forth below, it is recommended that the motion to dismiss for lack of subject matter jurisdiction be DENIED, and that the motion to dismiss for failure to state a claim upon which relief can be granted, be GRANTED-IN-PART and DENIED-IN-PART.

**Background**

On November 8, 2017, Bonnie Kirk filed the instant complaint individually, and on behalf of her minor child, "JS," against the Monroe City School Board ("MCSB"); Brent Vidrine, MCSB Superintendent; Roosevelt Rankins, Neville High School Dean of Student Affairs; Whitney Martin, former Neville High School Principal (incorrectly named in the complaint as "Whitney Morton"); and W. R. Berkley Corp (initially sued as XYZ Insurance Company). Kirk asserted claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1981, Title VI of the Civil Rights Act of 1964, and Title IX of the Education Amendments of 1972, 20 U.S.C. §1681. She also set forth state

law tort claims for defamation and slander. Kirk requested resulting compensatory, special, punitive, and exemplary damages; reasonable attorney's fees; costs; interest; and equitable relief.

On March 5, 2018, defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. On May 29, 2018, the undersigned issued a report recommending that defendants' motion be granted, and that plaintiff's federal law claims be dismissed with prejudice, but that her state law claims be dismissed without prejudice. (May 29, 2018, Report and Recommendation [doc. # 12]). However, the recommendation of dismissal was subject to plaintiff's opportunity to seek leave of court to amend her complaint with a proposed pleading that cured the deficient allegations. *Id.*

On June 13, 2018, plaintiff availed herself of that opportunity and filed a motion for leave to amend her complaint, which the court granted. [doc. #s 16-20]. The amended complaint alleged, *inter alia*: 1) violations of the fourteenth amendment to the United States Constitution; 2) deprivation of rights under 42 U.S.C. " 1981 & 1983; and 3) violations of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, stemming from defendants' disclosure of information to the local press about a minor. *Id*. Plaintiff also formally substituted W.R. Berkley Corporation for the fictitious XYZ Insurance Company. *Id.* In light of the amended complaint, the District Court referred the matter back to the undersigned for issuance of a supplemental report and recommendation. (June 21, 2018, Minute Entry [doc. # 22]).

In the meantime, J.S. reached the age of majority. Accordingly, the court accorded Kirk the opportunity to amend her complaint to substitute her son as plaintiff. (July 25, 2018, Order [doc. # 28]). On August 10, 2018, Jaylon Sewell was substituted as plaintiff. (Amend. Compl. [doc. #29]).

On September 7, 2018, the District Court granted defendants' motion to dismiss for

failure to state a claim upon which relief can be granted and dismissed plaintiff's federal law claims, with prejudice, and his remaining state law claims, without prejudice, in accordance with the undersigned's August 24, 2018, Report and Recommendation. *See* doc. #s 34 & 36. Plaintiff timely filed a notice of appeal on October 5, 2018. [doc. # 37].

On September 10, 2020, the Fifth Circuit issued an opinion that affirmed-in-part and reversed-in-part the judgment of the District Court and remanded the case for further proceedings. (Sept. 10, 2020 Judgment [doc. # 38]). In its decision, the Fifth Circuit remarked that,

> [w]hile there were numerous claims before the district court, this appeal concerns just a few. Sewell does not appeal the dismissal of his FERPA and Louisiana state law claims. And although his briefs mention the claims under sections 1981 and 1983, the barebones page of his opening brief devoted to those claims is not enough to prosecute an appeal. *United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992). In addition, Sewell appeals the dismissal of his Title VI and IX claims only as to the Monroe City School Board.

*Id*.

Ultimately, the Fifth Circuit proclaimed that "[t]he dismissal of Sewell's harassment claims under Title VI and Title IX against Monroe City School Board is REVERSED. The district court's judgment is AFFIRMED in all other respects." *Id*. In other words, plaintiff's only remaining claims are for harassment under Titles VI and IX against the Monroe City School Board.

On November 12, 2020, defendants, the MCSB, Brent Vidrine, Roosevelt Rankins, Whitney Martin (incorrectly sued initially as "Whitney Morton"); and W. R. Berkley Corp (initially sued as XYZ Insurance Company) filed the instant motion to dismiss "all claims seeking recovery of punitive damages, exemplary damages and special damages, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted."

On December 10, 2020, plaintiff Jaylon Sewell filed his response to the motion to dismiss in which he conceded that his claims for punitive and exemplary damages should be dismissed,

but not his request for special damages. (Pl. Response [doc. # 45]). Later that same day, defendants filed their reply brief. (Defs. Reply Memo. [doc. # 46]. Thus, the matter is ripe.

## Analysis

Before proceeding to the merits of the motion, the undersigned pauses to address a couple of procedural points. First, as discussed, *supra*, this court previously dismissed plaintiff's federal and state law claims against all defendants. See Aug. 24, 2018, R&R [doc. # 34] and Sept. 7, 2018, Judgment [doc. # 36]. Moreover, the Fifth Circuit affirmed this court's judgment in all respects, save for plaintiff's harassment claims under Titles VI and Title IX against the MCSB. Thus, the lone remaining defendant in this case is the MCSB, and the other defendants lack standing to join in the instant motion. Stated differently, the court cannot entertain a motion to dismiss damages claims against parties who are no longer in the suit. *See Matter of Alabama & Dunlavy, Ltd.*, No. 19-20152, ____ F.3d ____, 2020 WL 7349243, at *4 n.2 (5th Cir. Dec. 15, 2020) (district court cannot dismiss claims that previously were dismissed).[1]

Second, whether certain damages claims should be dismissed because they are unavailable under the law does not present an issue of subject matter jurisdiction. *Jones v. Indep. Sch. Dist. 89*, No. 19-797, 2019 WL 6917896, at *2 (W.D. Okla. Dec. 19, 2019) (unavailability of punitive damages is not a jurisdictional issue). Rather, the matter should be considered under the standard prescribed by Rule 12(b)(6). *Id.*

Accordingly, the court will proceed to consider the MCSB's arguments pursuant to Rule 12(b)(6).

## I. Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state

---

[1] There is no indication that plaintiff is endeavoring to proceed with any claims against a dismissed party, i.e., any party other than the MCSB.

a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).

A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989). Furthermore, "a complaint may be dismissed if it clearly lacks merit—for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Med. Transp. Mgmt., Inc.*, No. 19-60596, ____ F.3d ____, 2020 WL 7351089, at *2 (5th Cir. Dec. 15, 2020) (citations and internal quotation marks omitted).

**II.    Discussion**

The Supreme Court has recognized that,

> Congress enacted Title IX in 1972 with two principal objectives in mind: "[T]o avoid the use of federal resources to support discriminatory practices" and "to provide individual citizens effective protection against those practices." The statute was modeled after Title VI of the Civil Rights Act of 1964, which is parallel to Title IX except that it prohibits race discrimination, not sex discrimination, and applies in all programs receiving federal funds, not only in education programs. The two statutes operate in the same manner, conditioning an offer of federal funding on a promise by the recipient not to discriminate, in what amounts essentially to a contract between the Government and the recipient of funds.

*Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286, 118 S.Ct. 1989, 1997 (1998) (internal citations omitted).

Thus, because Titles VI and IX "operate in the same manner," case law interpreting one provision is applicable to the other. *See Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 628 n.14 (N.D. Tex.2017); *Barnes v. Gorman*, 536 U.S. 181, 185; 122 S.Ct. 2097, 2100 (2002) (Court has interpreted Title IX consistently with Title VII).

In *Barnes*, the Supreme Court determined that punitive damages could not be awarded in private suits brought under Title VI of the Civil Rights Act. *Barnes, supra*. In so holding, it explained that "Title VI invokes Congress's power under the Spending Clause, to place conditions on the grant of federal funds." *Barnes, supra* (citations omitted). Consequently, the Court has "repeatedly characterized this statute and other Spending Clause legislation as much in the nature of a *contract:* in return for federal funds, the [recipients] agree to comply with federally imposed conditions." *Id.* (citations omitted).

The Supreme Court applied the same contract analogy to the scope of damages remedies. *Barnes, supra* (citations omitted). Therefore,

> a remedy is appropriate relief, only if the funding recipient is *on notice* that, by accepting federal funding, it exposes itself to liability of that nature. A funding recipient is generally on notice that it is subject not only to those remedies explicitly provided in the relevant legislation, but also to those remedies traditionally available in suits for breach of contract. Thus we have held that under Title IX, which contains no express remedies, a recipient of federal funds is nevertheless subject to suit for compensatory damages, and injunction, forms of relief traditionally available in suits for breach of contract . . . But punitive damages, unlike compensatory damages and injunction, are generally not available for breach of contract.

*Id*. (citations and internal quotation marks omitted).

In sum, punitive damages are not available under Titles VI and IX. *Barnes, supra* (Title VI); *Minnis v. Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll.*, 972 F.Supp.2d 878, 889 (M.D. La.2013) (Title IX). Moreover, plaintiff himself conceded that his claims for punitive and exemplary damages should be dismissed. (Pl. Resp., pg. 2).

The MCSB further argues that because *Barnes* expressly limited remedies available to prevailing litigants under Titles VI and IX to recovery of compensatory damages and injunctive relief, they necessarily excluded "special" damages. *See* Def. Reply, pg. 4. However, *Barnes* explained that a remedy is appropriate if the funding recipient is on notice that by accepting federal funding it exposes itself to liability of that nature, which therefore included remedies explicitly provided in the legislation, *plus those remedies traditionally available in suits for breach of contract. Barnes, supra.*[2]

The Fifth Circuit has held that "[g]eneral damages are those that are foreseeable at the time of contracting." *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 549 (5th Cir.2005) (citation omitted). Furthermore, "[s]pecial damages are those that result from a party's breach of contract but are not reasonably foreseeable. Special damages generally are not recoverable in a breach of contract action absent actual notice to the defendant of special circumstances from which such damages might arise." *Id*. (citations omitted). However, "[t]he question whether or not the defendant did in fact foresee, or had reason to foresee, the injury that the plaintiff has suffered is a question of fact for the [trier of fact]." *Id*. (citations omitted).

In this case, the MCSB has not identified any specific damages claims by plaintiff that

---

[2] In *Sheely v. MRI Radiology Network, P.A.*, the Eleventh Circuit relied on *Barnes* to conclude that non-economic, compensatory damages for emotional distress were available under the Rehabilitation Act (which provides for the same remedies available under Title VI). *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1191 (11th Cir.2007). The Eleventh Circuit remarked that "the *Barnes* Court's concern with notice plainly reflects, a basic and longstanding rule of contract law is that '[d]amages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made.'" *Sheely,* 505 F.3d at 1199) (quoting Restatement (Second) of Contracts § 351 (1981)). The court further observed that because a victim of discrimination frequently will suffer emotional distress, it necessarily follows that "emotional distress is a foreseeable consequence of funding recipients' breach of their contract with the federal government not to discriminate against third parties, and they therefore have fair notice that they may be subject to liability for emotional damages." *Id.* (internal quotation marks omitted).

were not reasonably foreseeable or for which it did not have actual notice of special circumstances from which such damages might arise. The MCSB may obtain details regarding plaintiff's damages claims via discovery.[3] Moreover, whether the damages claims are foreseeable remains an issue for the trier of fact, which, where, as here, neither side has requested a jury, will be the district judge. Certainly, for now, plaintiff's claim for special damages sets forth a plausible claim for relief.

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that defendants' motion to dismiss for lack of subject matter jurisdiction [doc. # 40] be DENIED.

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 40] be GRANTED-IN-PART, and that plaintiff's claims for punitive and exemplary damages against lone, remaining defendant, the Monroe City School Board, be DISMISSED, with prejudice. FED. R. CIV. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 40] otherwise be DENIED.

Under the provisions of 28 U.S.C. '636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any

---

[3] In his response to the MCSB's motion to dismiss, plaintiff suggested that his special damages included medical bills. If it is reasonably foreseeable by a Title VI or IX defendant that a plaintiff could sustain emotional distress damages as a result of discrimination or harassment, *see Sheely, supra*, then it is at least plausible that medical bills incurred as a result of the discrimination or harassment are reasonably foreseeable as well.

objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 18th day of December 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE